ACCEPTED
01-15-00752-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/16/2015 3:26:28 PM
CHRISTOPHER PRINE
CLERK

# Kochman, Donati & Charbonnet, LLP

JOHN D. CHARBONNET, Jr.

ATTORNEYS AT LAW
12012 WICKCHESTER, SUITE 310
HOUSTON, TEXAS 77079
(713) 871-2490    FAX (713) 871-2495

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/16/2015 3:26:28 PM

CHRISTOPHER A. PRINE
Clerk

September 16, 2015

Hon. Christopher A. Prine
Clerk of the Court
First Court of Appeals
301 Fannin Street
Houston, Tx 77002

> Re:    Court of Appeals Number: 01-15-00752-CV
>        Trial Court Case Number: 15CCV-055348
>
>        Tunisha Norton v. Samuel C. Sze

Dear Mr. Prine:

I am in receipt of James Dyer's September 15, 2015 letter to you. As Mr. Dyer raised the issue of the validity of the pauper's affidavit via letter, I am responding in letter format. If the Court wishes a more formal response, please advise and I will do so. As noted below, Mr. Dyer is copied on this letter.

### Objection to Relying on Pauper's Affidavit

Appellee, Samuel C. Sze, would object to Ms. Norton attempting to rely upon the pauper's affidavit. The pauper's affidavit that Ms. Norton filed with justice court was submitted pursuant to Section 24.0052, Texas Property Court. Section 24.0052(e) expressly provides that "If the justice court approves the pauper's affidavit of a tenant, the tenant is not required to pay the county court filing fee …." There is no provision in Section 24.0052 that would extend the pauper's affidavit beyond the county court filing fees. More importantly, the pauper's affidavit does not comply with the requirements of Rule 20.1, Texas Rules of Appellate Procedure. Ms. Norton should have comply with Rule 20.1 and prepared and filed an affidavit of indigence with the contents mandated by Rule 20.1(a)(3)(b).

### Notification of Failure to Pay Rent During Pendency of Appeal

I would again note that Ms. Norton has failed to abide by Section 24.0053, Texas Property Code. Section 24.0053 requires Ms. Norton to pay rent to the registry of the justice court or the county during the pendency of the appeal. Even when a pauper's affidavit is filed, "the tenant shall pay the rent, as it becomes due, into the justice court or the county court registry, as applicable, during the pendency of the appeal." Section

24.0053(b). Ms. Norton has failed to pay into the county court registry the August or September rental payments that were due on the 4th day of the month.

### Failure to File Supersedeas Bond

Ms. Norton has failed to file a supersedeas bond for her appeal. Pursuant to Section 24.007, Texas Property Code, the "judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing the judgment, the appellant files a superseadeas bond in the amount set by the county court." See also, Rule 24.1, Texas Rules of Appellate Procedure. The Judgment entered by the County Court awarded $4,621.00 in rent and court costs. Ms. Norton has failed to file the required supersedeas bond.

Mr. Sze is within his rights to enforce the judgement and to evict Ms. Norton. By copy of this letter to Mr. Dyer, I would ask that he contact me as soon as practical but by 2:00 pm on Thursday, September 17, 2015. I can be reached on my cell phone (713) 828-3127 or by email: jdcharbonnet@kdclaw.com.

Again, if the Court wishes a more formal response to Mr. Dyer's letter, please advise. Thank you for your consideration of this matter.

Very truly yours,

John D. Charbonnet, Jr.

JDC:jlc

cc: James Dyer
    Dyer & Libby
    1305 Prairie St., Suite 100
    Houston, TX 77002

Via fax (713) 222-7758